### Louis Matson *vs.* Harris Matson.

### Cumberland.    Opinion February 18, 1909.

*Assault and Battery.    Damages.*

Where the plaintiff recovered a verdict for $1000 as damages alleged to have been suffered by reason of an assault and battery committed upon him by the defendant, *Held:* (1) That the defendant was properly found guilty of assault and battery but that the damages awarded were excessive. (2) That the compensation which the jury must have given the plaintiff for his mental pain and suffering, his wounded pride and self respect, considering his record and standing in the community was exorbitant. (3) That there was no justification for large punitive damages. (4) That the verdict be set aside unless the plaintiff remit all of the same above $300.

On motion by defendant.    Sustained unless remittitur be made.

Civil action brought in the Superior Court, Cumberland County, to recover damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff.    Plea, the general issue.    Verdict for plaintiff for $1000.    The defendant then filed a general motion to have the verdict set aside.

The case is stated in the opinion.

*M. P. Frank*, for plaintiff.

*J. E. F. Connolly, R. T. Whitehouse, and J. A. Connellan*, for defendant.

Sitting :    Emery, C. J., Whitehouse, Savage, Peabody, Spear, Bird, JJ.

Whitehouse, J.    The plaintiff recovered a verdict of $1000 for damages alleged to have been suffered by reason of an assault and battery committed upon him by the defendant on the second day of July, 1907, and the defendant moves to have it set aside as against the evidence and because the damages are excessive.

The parties are brothers, and were copartners carrying on the business of brewing and selling hop beer from 1898 to 1902, when the partnership was dissolved and thereafter each continued to carry

on the same business in a separate building with resulting competition and hostility between them. October, 1906, some eight months prior to the assault in question, the plaintiff acquired title to the building occupied by the defendant, and took an assignment of the lessor's interest in a certain lease of the same, subject to the defendant's right of occupancy for an unexpired term of three years under the lease. And the plaintiff says that on the second day of July, 1907, in the exercise of his right to enter the building "to view and make improvements," he started to go through the open door of the store where his brother was, and he thus describes the assault which followed:

"I had no more than got inside when he came over and with his left hand grabbed me here (indicating) and hit me with his right hand,—open hand,—and almost knocked me down—I saved myself with my hands—and he shoved me against the wall there and the corner there right near the door. And he called me names . . . He held me there so I couldn't breathe very well and left marks on my throat and tore my collar . . . . My collar was torn and dirty where he put his hands on it . . . . I didn't eat any dinner that day.

Q. Do you mean by that the injuries you received to your throat prevented your eating dinner?

A. I don't know that it prevented my eating, but I felt so bad over it—felt bad about the assault, the insult, that I didn't eat that time."

The defendant denies that the plaintiff came in to the store to take a view with reference to improvements and says that it is utterly improbable that he was contemplating improvements for the defendant's benefit knowing that the lease had three years more to run. The defendant declares the truth to be that the plaintiff's brewing was unsuccessful and his beer unsalable and that his real purpose in coming to his store was to learn the secret process of the defendant's brewing, and the defendant denies that he inflicted any injury upon him whatever or used any more force than was necessary to prevent him from going into his brewing room.

The plaintiff as owner of the premises undoubtedly had a legal right to enter the building for the purpose of examining its condition with a view to changes and improvements, and while the sincerity of his claim that he did in fact enter for that purpose is open to serious question, the defendant's contention on the other hand that the plaintiff entered for the purpose of stealing his formula for brewing beer rests upon suspicion and not evidence. It is therefore the opinion of the court that the defendant was properly found guilty of assault and battery, but the damages awarded by the jury are manifestly excessive. The plaintiff does not claim that he suffered any serious consequences from the assault. He says he had no appetite for his dinner on the day it occurred, and his throat felt "kind of sore, enough so he could notice it." It is in evidence that he had been convicted of violating the statute against the sale of intoxicating liquors, and paid a fine of $100 and costs. The compensation which the jury must have given for his mental pain and suffering, his wounded pride and self respect, considering his record and standing in the community was exorbitant. Nor is there any justification for large punitive damages.

The conclusion is that if the plaintiff will remit all of the verdict above ($300) three hundred dollars within thirty days from the filing of the certificate with the clerk of the court, the motion is overruled. Otherwise, the verdict is to be set aside and a new trial granted.